## Commonwealth v. Coffin.

*Criminal law—Cash bail—Return of cash—Act of May 12, 1921.*

1. Under the Act of May 12, 1921, P. L. 548, cash bail for appearance in court can be returned only to the defendant from whom it was received.

2. When a defendant depositing cash is sentenced to pay a fine and costs, the county can set-off its claim against the cash bail.

Rule to show cause why cash bail should not be surrendered. Q. S. Lehigh Co., April Sess., 1923, No. 48.

*Dewalt & Heydt,* for petitioner; *James F. Henninger,* contra.

Reno, P. J., Aug. 3, 1925.—The defendant deposited $300 as cash bail for his appearance at the next term of the criminal courts. He appeared and was sentenced to pay a fine of $500 and the costs of prosecution. These amounts remain unpaid.

The petition before us is signed by his wife, who alleged that the money which defendant deposited belonged to her. She prays for its return, averring that the condition upon which it was deposited has been performed by his appearance. Aside from the averments of the petition, there is no indication upon the record that the money belonged to her, nor that it was deposited by her. We may assume that it was her property and that she either lent or gave it to her husband. In any event, the county received it from his hands, which were the only hands from which it could receive cash bail; for the Act of May 12, 1921, P. L. 548, in force when the deposit was made, differs from the Act of March 19, 1925, P. L. 49, in that, under the former act, only the money of the defendant could be received as a deposit. It follows from this circumstance that if the money is to be returned, it can be returned only to the defendant. The court cannot undertake to determine whether the fund belongs to the defendant or his wife. It can recognize as owner only that party who, by the terms of the act, was allowed to deposit cash in lieu of entering into formal recognizance with surety.

Further, petitioner contends that, even if the money belongs to her husband, it should be returned to him, inasmuch as he complied with the condition of his obligation by appearing at the required time. No fault can be found with the argument as far as it goes, but it fails to cover the case. When defendant appeared in court to answer the charge against him, he complied with the condition of his obligation. He was entitled then to the money he had deposited. He became a creditor of the county; but practically, at the same moment, he also became a debtor, for he was sentenced to pay a fine and the costs. Surely, the County of Lehigh may exercise the rights of every debtor; that is, it may set off its demand against the sum due defendant.

Now, Aug. 3, 1925, the rule to show cause is discharged and the prayer of the petition is dismissed.

From Edwin L. Kohler, Allentown, Pa.